JAMES T. FANT v. ROBERT McGOWAN, GUARDIAN.

1. GUARDIAN. *Removal for defective bond. Default essential.*
   An order that a guardian is removed if he fails to give a new bond in a specified time is void; he must have an opportunity to comply with the requirement before the order of removal is made.

2. SAME. *Sale of land. Title. Purchaser's rights.*
   The title to land subsequently sold by such guardian, under decree of the court, is good, and the purchaser cannot avoid paying the price by pleading the order of removal.

APPEAL from the Chancery Court of Marshall County.

Hon. A. B. FLY, Chancellor.

The appellee, regularly appointed guardian of certain minors in 1871, filed a petition on Dec. 24, 1877, under which such proceedings were had, that, on April 1, 1878, in accordance with its prayer, land was sold under a decree of court, by the guardian, who had given the statutory bond for the application of the proceeds. The appellant, who purchased at the sale, and paid the first instalment of the purchase-money, in answer to the guardian's bill for specific performance of the contract, set up that on Aug. 10, 1877, upon the petitions of sureties on the guardian's bond, and due notice to him, an order was made " that Robert McGowan give a new bond as guardian within ten days from this date, and in default thereof that he be and is hereby removed from his trust as guardian as aforesaid." The new bond was not given until June 23, 1879, when it was accepted and approved by the court.

*A. M. Clayton*, for the appellant, argued orally and in writing.

The order of the court removing the guardian is erroneous, but not void. The court had full and complete jurisdiction. Const. art. 6, § 16; Code 1871, § 1212; Acts 1876, p. 190; *State* v. *Hull*, 53 Miss. 626. Its order cannot be impeached collaterally. *Wall* v. *Wall*, 28 Miss. 409; *Moore* v. *Ware*, 51 Miss. 206; *Voorhees* v. *Bank of United States*, 10 Peters, 449; *Tilton* v. *Cofield*, 93 U. S. 163; Freeman on Judgments, §§ 118, 135. The distinction is plain between the statutory jurisdiction of the former Probate Court to sell land, under which it was held

that the statute must be complied with, and the full jurisdiction granted by the present Constitution to the Chancery Court. *Root* v. *McFerrin*, 37 Miss. 17. But, if the old rule is applied, the jurisdictional facts, such as the sureties' petitions and notice to the guardian, appear in the record, and the order is not affected by any irregularity in form. *Bennett* v. *Couchman*, 48 Barb. 73. The act of 1876, p. 190, does not require time to make the new bond to be given the guardian, and to that extent repeals the Code. The time was, however, allowed. The order is final, subject to be defeated by giving the new bond. *Lewis* v. *Outton,* 3 B. Mon. 453. The fact that it is conditional does not render it void. *Commonwealth* v. *Pejepscut Proprietors*, 7 Mass. 399. Judgments in detinue, or with stay of execution, and decrees of foreclosure, are all conditional. *Anon.*, 1 Salk. 400. A distinction between conditions precedent and subsequent exists. A person claiming by virtue of the former must prove performance before his claim can be sustained. *Fultz* v. *House*, 6 S. & M. 404. Under the latter, the thing is absolute until defeated by the happening of the subsequent event. *Clarke* v. *McCreary*, 12 S. & M. 347; 4 Kent Com. 126; 3 Com. Dig., title Condition. The order of removal, whether right or wrong, is the judgment of a competent court, upon a case clearly within its jurisdiction, and fixes the rights of the parties. 2 Dan. Ch. Pr. 1192; *Brown* v. *Clarke*, 4 How. 4; *Cook* v. *Tullis*, 18 Wall. 332.

*Arthur Fant*, on the same side, made an oral argument.

*Featherston & Harris*, for the appellee.

It is argued that the order removing McGowan was valid, and all his subsequent acts void. Neither branch of the proposition is well taken. The order is self-contradictory to such an extent as to be meaningless. If construed as a removal *in præsenti*, it is void, because the court had no such power. Code 1871, § 1212. As an order *nisi*, it is inoperative, because of the subsequent action of the court. A final order of removal could not be made until the guardian had opportunity to give the required bond. Until he made default, judgment based thereon could not be rendered. The order was provisional and conditional, a decree *nisi* and not a final one. Freeman on Judgments, §§ 10, 104, 251, 2 Dan. Ch. Pr. 1000; *Cook* v. *Bay*,

4 How. 485; *Hunter* v. *Carmichael*, 12 S. & M. 726; *Bankston* v. *Bankston*, 27 Miss. 692; *Cole* v. *Miller*, 32 Miss. 89; *Goff* v. *Robins*, 33 Miss. 153. A final order removing a guardian must be absolute and unconditional. The one in this case could serve no other purpose than to give him notice that he would be removed, unless he gave the new bond, and could not have the effect of a removal. *Gaines* v. *Dailey*, 1 J. J. Marsh. 478; *Wheeler* v. *Raymond*, 6 Cowen, 582; *Ex parte McLendon*, 33 Ala. 276. The wards of McGowan, whose property was sold, cannot recover it now, however defective the title may be, because the sale was in good faith, and the first instalment of the purchase-money was paid and received by the wards, or properly expended for their benefit by their guardian. Code 1871, § 2173; *Richardson* v. *Brooks*, 52 Miss. 118; *Morgan* v. *Hazlehurst Lodge*, 53 Miss. 665; *Summers* v. *Brady*, 56 Miss. 10.

*W. S. Featherston*, on the same side, argued orally.

CAMPBELL, J., delivered the opinion of the court.

The power to remove a guardian duly appointed is conferred by statute to be exercised in a prescribed mode, and it cannot be done except in pursuance of law. If the sureties upon a guardian's bond apprehend danger, and petition for the guardian to be required to give a new bond, and, after notice to the guardian, an order is made for him to give a new bond, " in case of refusal to comply, he shall be removed from office and another guardian appointed." Acts 1876, p. 190, § 40. An order requiring a new bond must be made; an opportunity must be afforded to comply; refusal to comply must be ascertained, and then the removal may be made; but an order of removal, made before default in the requirement to give a new bond, is without authority of law, and void. A judgment which the court has no authority by law to render is void. It matters not what is the grade of the court, if it transcends its lawful authority its act is void. Removal from the guardianship is a consequence of refusal to comply with the order to give a new bond. It is proper to make an order *nisi*, but unless this be followed by an absolute judgment of removal, the position of the guardian remains unaffected, and his acts as

guardian are valid. In this case it appears that, notwithstanding the order to give a new bond, which also removed the guardian in terms, by anticipation, he continued to act as guardian, and, as such, applied for and obtained an order to sell real estate. He was thus recognized as still guardian by the court which had made the order of removal. Whether this was in ignorance or forgetfulness of the order of removal or in disregard of it is not material. The order of removal, being without authority of law in the circumstances in which it was made, was a nullity, and the court did right to act in disregard of it. We are not unmindful of the presumption to be indulged in favor of the judgment of the Chancery Court, where it has jurisdiction of the subject-matter, and the person to be affected by a proceeding ; but, as to the order removing the guardian, there is no room for presumption. The record shows the facts, and that the court made an order which it had no legal right to make at the time it was made. If the record showed that the guardian had been removed for refusal to comply with an order to give a new bond, made after due notice to him, the removal would be upheld. But the showing is that the power to remove was exerted, not for a refusal by the guardian to comply with the requirement to give a new bond, but because he might refuse so to do. It was not ascertained and determined that he had refused to comply, but he was removed by words *in præsenti*, if he should not thereafter within ten days comply. A judgment is the sentence of the law upon existing facts and not upon what may or may not thereafter occur. A guardian may be legally removed for an ascertained failure to comply with an order legally made, requiring him to give a new bond, but not because he may not in future comply with such an order. Failure to comply must be ascertained and declared before the exercise of the power of removal. Here there was no such ascertainment. There was no appointment of another guardian, but there was a subsequent recognition of McGowan as guardian, and an order of sale of real estate made on his application. We conclude that McGowan continued to be the guardian.

*Decree affirmed.*